Please rise. Illinois Appellate Court, Second Division, is now in session. Honorable Justice, please pass the ball to the side. Good morning, and please be seated. Madam Clerk, will you please call the first case? 15-2834, the Harris Aviation & Marine, Inc. v. Consul, v. Beard, et al. All right, I would like the attorneys representing the parties to step up to the podium. I want the appellate to go first. I want you to tell me your name, who you represent, and approximately how long your argument will take. Do you represent the appellate? Yes. All right, please step up. Please step up. Okay, good morning, Counsel. Good morning, Your Honors. Timothy Maggio, Assistant Attorney General. This morning I represent the appellants, the Illinois Department of Revenue, and its director. With the Court's permission, I think I would like about 15 minutes, Your Honor. Okay, very good, Counsel. Good morning, Counsel. Hi, my name is Jennifer Davis. I represent Harris Aviation & Marine. I'm the appellee, and an estimating five minutes. I think it depends on questions. Very good. All right, you may be seated. Mr. Maggio, why don't you proceed with your argument. Good morning, Your Honors, and may it please the Court. Your Honors, the core of our argument on appeal is relatively straightforward. The Illinois Supreme Court has recognized three, and only three, avenues by which a person who wants to challenge the imposition of a use tax can proceed. First, that person can do nothing, wait for the Illinois Department of Revenue to issue a notice of tax liability, then appear in the administrative matter and demand a hearing. Second, that person can do nothing, wait for the Illinois Department of Revenue to issue a notice of tax liability, pay the tax, ask for a refund, and demand an administrative hearing. Third, the person can proceed under the Protest Act, having first paid its due tax under protest. Those are the three options. I think you said the fourth option was to do nothing and let the state chase them in whatever state they reside. Well, Your Honor, I suppose that's a fourth option in the event that somebody believes that there is no personal jurisdiction over them, but it's a classic case of when somebody believes that there's no due process nexus. That person always has the opportunity to say, I just wash my hands of the whole thing, and then if a state where I believe there is no personal jurisdiction over it, if that state wants to go after me and then wants to come find me where my assets are and enforce it, there's always that possibility as well, Your Honor. The point with respect to these three options that the Supreme Court has set out and showed is that there are no exceptions to that. There are no exceptions to those three options for people who believe that the tax is unauthorized by law. There are no exceptions to that for people who believe that the Department lacks jurisdiction, which is really the same thing. And there are no exceptions to that for people who believe that once you drill down and take a look at all the facts, and we get it all to a degree, the trial will determine that there is no tax due. There are no exceptions for that. So what happened here? Here, the taxpayer, Air Saviation, didn't play by the rules. It went into the circuit court and it filed an action from injunctive and declaratory relief, an equitable action, and it wanted to bypass and run the three options that the Supreme Court set forth. Now, was that filing done after administrative proceedings had begun by the Department? I'm going to answer your question as closely as I can. If by administrative proceedings you mean audits, it was done after the Department had begun its audit, certainly. If by administrative proceedings you mean a formal notice of tax liability, it was done before a formal notice of tax liability, but after a tentative or proposed notice of tax liability. So I'm not trying to – I'm just not sure what you're asking me. So there was an audit started by the Department, questioning whether ERIS should have received this exemption. Correct. And ERIS was aware of that. Yes, Your Honor. And under your way of looking at administrative review and the tax, the use tax, et cetera, at that point in time the taxpayer can do nothing other than comply with the audit, request for information, et cetera, and see what happens? Is that basically what you're saying? Yes, Your Honor. If I understand your question correctly, it is what happens. Your Executive Audit had begun before the lawsuit was filed, and then you would proceed a little bit further. The Department had sent us a notice of proposed liability, saying we actually believe, based on the best information available to us, we believe that you are a resident Illinois, have transactions taxable in Illinois, here's what we believe your tax is. So the potential taxpayer, the entity liable for the tax, is on notice that there is some question involved with whether they are liable for a tax involving some transaction. You bet. And, in fact, if I remember correctly, on the end of the notice of proposed tax liability, it says if you don't challenge us to respond within so many days or whatever, we'll be converting it into a final notice and then... No, no, but I'm talking about at the audit stage. Yes, Your Honor. They're basically putting the target on notice that we're questioning this transaction. Give us some information to see whether we should go forward or not. Oh, absolutely. In fact, there's a fair amount of correspondence on that. Let's remember, the way this started was, at the time of the automobile purchase, AERS represented that it was an out-of-state purchaser. So at that point, the Department directed its questions toward, is that assertion correct? Is it true that you're not, you don't have any affiliation or nexus with Illinois? It then subsequently moved to AERS saying, well, the only thing we've ever done here is we bought a car. And so the Department then, in my view, in an effort to be cooperative with the taxpayer, then revamped its document requests and focused entirely on the car transaction and asked AERS for information about, okay, you say that it has been, but when did you take it to Delaware because that's where you said it was going to be? Give me a report. Where's it been? Somebody tell me, where's it been? And then third, and then broad, I think there's eight or ten categories, but broad I'd say, third is give me some documents that prove one way or another. Parking tickets, I-pass records, you know, whatever it may be. So as the information evolved, as the questions evolved, then the questions from the Department evolved back. But yes, there's no question that the taxpayer was on notice that the Department was seeking to impose tax on this. So my whole point then, going back to the broader issue, the 2619A9 argument we made to the Circuit Court is that, one, there are no exceptions to this, as we talked about, for people who think that tax is unauthorized by law. This is an end run. We can't do it. We offered the Circuit Court a second path to get to the same place. As you obviously have noticed, after this lawsuit was filed, and as I think I just suggested, the Department actually did finally form, serve a formal notice of tax liability. Eris appeared before the Department, filed an appearance, protested, and demanded a hearing. In other words, what they did was they began what we would think to be one of the three ordinary and acknowledged ways to go about challenging the tax. I'll drop a little footnote and note that the Circuit Court judge  and then later enjoined it altogether as part of his final judgment. So there was no hearing, administrative hearing. It never made it to an end. There was no exhaustion. It was stayed after Eris appeared at the administrative agency. Yes, Your Honor. Absolutely correct. So what we said to the Circuit Court was, there's a 2619A3 avenue for you to use here. 2619A3 is the avenue that comes into play, as we know, when there is another action pending between the same parties for the same cause. And the Circuit Court denied that request and gave us a written opinion. And that opinion contains, in our view, a clear error of law. The Circuit Court said, well, I agree that there are the same parties in the administrative action and in the judicial action. I do. But the Circuit Court said, well, I take a look at the issues involved in each one. I think the issues involved in the administrative hearing and the issues involved in the judicial hearing are different. And because those issues are different, there can't be the same cause. Same cause, the buzzwords under 2619A3. And that was an error. That's a plain error. Under Illinois law, 2619A3, in order for two pieces of litigation, two proceedings to be the same cause, they have to arise out of a common transaction, same transaction or occurrence. And that's what happened here. What we have here is, heirs bought a car in Illinois. The car was serviced in Illinois. They asked for license plates that were sent to Illinois. They won't say where the car has been. And they don't want to pay the tax. Now, whether you want to call that a dispute over tax liability or you want to call that a dispute over jurisdiction or you want to call that a cars clause dispute or you want to call that some other kind of dispute, it all comes out of the same factual stew. It's the same factual stew. So it is, in fact, as a matter of law, the same cause. That was an alternative that we gave to the district or to the circuit court judge in order to reach the same result, the same dismissal. Now, I'm happy to expound on any of these things and drill down deeper on exemptions, exceptions, whatever the court may wish. Once the court has any questions, I'm happy to respond to those. So essentially what you're saying is, the only remedy for this company was to go through the administrative proceeding and receive a result. No, Your Honor. If I might just twist that or change it one bit. There were three options. Two of them were the administrative remedy. Your Honor, that's absolutely correct. Or the protest act. Exactly right. The third option, Your Honor, was the protest act. Okay. And, you know, we've heard a lot of talk in this case, and I'm happy to talk about it if you want. We've heard a lot of noise in the background about, you know, some exceptions for unauthorized by law challenges. And those simply don't exist in the tax context. Right? We have them traditionally in Illinois. I think it was 1943, if I remember from my reading yesterday. 1943, Illinois always glides. And they do recognize some exceptions for unauthorized by law when you believe that the tax is unauthorized by law. And if Your Honor can permit, right, quote, it is established that when a tax is unauthorized by law, or when it is landed upon property, exempt from taxation, activity will take jurisdiction. So that did exist. Then comes 1975, Alpin. Illinois versus Alpin, or Alphin. I'm not sure how it's pronounced. A-L-O-P-H-I-N. 1975, the Illinois Supreme Court says, nope, we're done with those. In the areas of, certainly in tax, sales tax and use tax, where the tax with the administrative proceeding is reviewable in court. Right? Will somebody ultimately have their day in court? So the question is, again, does the tax incorporate the administrative review law? In those cases, we're done with the Illinois exceptions. Right? Because there's an adequate remedy at law. Pardon me? Because there's an adequate remedy at law. Your Honor is absolutely correct. So, I mean, at the end of it, and then we move forward to next year, the following year, Midland, where the court actually talks about there being just three options in a use tax case. So, again, although we hear a lot about, you know, these sort of exceptions, and we hear, you know, in my opponent's brief, about cases that talk about hog farm permits and pollution control permits and all those kinds of things. Right? We're talking about the law actually as it relates to tax. And the Supreme Court could not have been clearer. Thank you. Thank you. Thank you, Counsel. Thank you, Your Honor. Ms. Davis. Hi. I'm here because there's two main issues. One is regarding jurisdiction. This is a jurisdictional dispute, not sales and use tax. Does the agency have jurisdiction to request an audit of a Florida corporation? And the second... Okay, so it knows vehicle purchased in Illinois, serviced in Illinois, everything mailed to Illinois. How is it that the agency doesn't have jurisdiction? One purchase does not create the nexus. We're not talking about minimum contacts. We're talking about whether a vehicle is subject to a use tax. That's the department's job. Right, but in order to have a use tax, someone would have to have the contacts with that state in order to have the use in that state. And how would the department find out whether the vehicle was used in Illinois unless they asked? Well, most likely it's going to be used if they have a location there or if they have officers there. Or if they have a car there that's used there in the state. If it's serviced twice in the state, it could pass through the state. That does not mean it's used in the state subject to tax. I think what Justice Mason is asking is that so the department can inquire about whether that's it or there is more use than that? Can't they inquire? That's twofold. There's already an exemption for that. So if the state did not, I don't know why they had the exemption if they were going to be inquiring. Because everybody in the state would say, I'm going to register my car in Michigan, Wisconsin, Delaware, Florida, Utah. I'm going to do that, and once I do it, don't ask me any questions because you don't have any right to ask me any questions. Is that your position? No, because in those situations, those people are residents of the state of Illinois, so the exemption does not apply to that. The exemption for use tax is if it is purchased by a nonresident. So I get my cousin from Indiana to buy a car, title it in Indiana, and I use it in Illinois. Isn't that a legitimate topic for the department to investigate? Even if that person in Indiana only came in Illinois just to buy that car. In that case, in this case actually, the request for audit was for every single asset that this company owned, all their federal and state tax returns. That's an argument over breadth. It's not an argument over jurisdiction. So then at that point, which actually was not touched upon before, this company asked the department, what specific information do you need? Now that we've narrowed it down, right, because I'm not going to send you everything. I'm not there. What do you need? Do you need a gas receipt from when it was passing through Indiana outside the state of Illinois? They submitted that. That was not good enough. They said that could be for any car. He said, would you like an affidavit that says that this car is no longer in the state? No, that's not good enough. So then they asked, what information, what evidence are you looking for? And the response was, we want to see all your books and records. So again, that's an argument over breadth. You go to an administrative hearing and you say to an administrative law judge, the department's overreaching. They're concerned about one car. We'll give them the information about this car. That's what an administrative hearing does. But a civility administrative hearing says, yes, you have jurisdiction to question me over that, even though I'm not present in your state. And they even asked you. But you're demanded an administrative hearing, but you're not subject to the jurisdiction. If jurisdiction was established, then they would proceed with the administrative hearing. Because an agency cannot act unless they have jurisdiction, which gives them authority to act. So I guess I come back to my hypothetical of the out-of-state purchaser who gives the car to an Illinois resident, and the out-of-state purchaser can always say to the department, you don't have jurisdiction over me. You can't do anything. Right? But if they're – what documents would they request? I don't think they're going to ask an out-of-state purchaser to give all that information. That's a different issue. The breadth is a different issue. The information regarding the vehicle that the department contends is being used in Illinois and therefore is subject to a use tax. But having it being in Illinois twice does not mean it's being used in Illinois. That's what an administrative record is for. That's how you develop an administrative record. You might take the position in the administrative hearing. Somebody drove it back to Illinois twice and happened to get its service in the first few months after its purchase. That's the only time it was here. And if you're right, no tax. Well, that was already established in the circuit court, and that was established that that being in the state twice does not give it the minimum context to even have jurisdiction to be inquiring to begin with. But you're supposed to establish that in the administrative agency. If the administrative agency accepts that, they will not issue a tax. It's over. If the administrative agency does not accept that, they issue a tax. Then the law is set up so that you say, man, that's wrong. I'm going to take administrative review of that erroneous decision. You take administrative review and then you get a review of what was before the agency and then a determination of whether their action was proper or not. It's set up so that you can't go to the administrative agency and then figure out that it's going sideways and then run into court to enjoin it because the courts are not supposed to be involved in those administrative decisions. The administrative agency theoretically is in a better position to figure out all the nuances of buying cars, selling cars, corporate purchases, agents using them, all those things. The court shouldn't be involved in that. They review that after the administrative agency has reviewed it. That's the way it's set up. But in order to do that, you would agree that they have jurisdiction. Right. And they don't. Why don't they? Just tell me why the Department of Revenue does not have jurisdiction to question whether an automobile purchased in Illinois by a foreign corporation, why they don't have the authority, the jurisdiction, the right, the statutory power to question whether that vehicle is used in Illinois. Why can't they do that? Because one contact with the State, one purchase, does not give them authority to audit their books and records. So if they bought two cars, would that give them authority? How many cars would it take? I don't know. That's the court's decision, and that's not for an administrative agency because that's statutory in case law interpretation. So heiress could have, as Mr. Maggio suggested, if they really believe that Illinois courts, Illinois agencies have no jurisdiction, they could have done nothing, not responded to the notice, wait for the tax liability to be imposed, and let the State come and sue them wherever they're incorporated. Right. So that was one of their solutions for not establishing jurisdiction because they've never said how they have jurisdiction in the lower court. And the one answer that they gave was let's just issue the notice of tax liability. Well, that would not be a very good business decision to let that unfold that way, number one. Business decision for whom? For heiress to wait for someone to issue the notice of tax liability, enforce it, and then try to stop the enforcement. They just tried to deal with this in the beginning and try to mediate it, which didn't seem to work because they didn't know what the agency wanted. And the agency's answer all the time was we want to see all your books and records. And then you say, no, I'm not giving you all my books and records. Yes. Do with it what you want. And then they said, okay, we're going to issue you a notice of tax liability. And he said, I haven't participated in the audit because you haven't showed how you have any authority to do so. And their response was jurisdiction is irrelevant. Well, would you agree that if you would just stop at that point in taking the tax assessment, you would have a right to take administrative review of that assessment? Wouldn't you agree that you could do that? Well, once you have a notice of tax liability, the burden of proof shifts. It's no longer you now have to prove why you don't owe it when before that notice is issued they have to prove why you owe it. Well, I would accept that, but go on. Do you have any further argument? So, okay, so going back, this was a jurisdiction question not for the administrative law review because this is not an expertise by agency issue. Does this company have the context necessary to succumb to an audit from the state of Illinois? And the agency is not permitted to determine their own jurisdiction from previous case law. And going back to the jurisdictional dispute, the first step that an agency needs, they need to establish jurisdiction over a corporation before they can proceed and request an audit. Here there's no context with the state, which doesn't give them the authority to request the books and records and everything that they have requested. They have repeatedly asked how the jurisdiction we mentioned was established and they were told that that is irrelevant. They've never been given a basis. And they were never told, as Mr. Maggio had stated, what to do, what documents to provide, nothing. Like if they would have said, give us an affidavit, fine, we'll give you the affidavit that the car is no longer here. But that was never an answer. It was always, you have to just give us all your books and records. So the solution, without the lack of jurisdiction that the state has proposed, was to continue doing a, as Judge Lopez-Superio said, a fishing expedition and request to keep asking for facts of things that weren't even relevant to the case. And the second solution was to, as we talked about, proceed after enforcement and try to stop it at that point. Neither one of those solutions are legitimate and constitute harassment. And as Judge Lopez-Superio said, he said this was the worst case of harassment that he has ever seen from the department. So essentially your position is until the jurisdiction question is resolved, you would not appear before an administrative agency? Correct. So we came to the court to get that jurisdiction resolved. Once jurisdiction was resolved, then we would proceed. And none of the other cases before originally questioned jurisdiction, they were all cases of people that Illinois already had jurisdiction over. Anything further? That's it. Any questions? No questions. Thank you very much, Ms. Davis. Counsel, it might be helpful for you to tell us why the agency has jurisdiction. Maybe you need to explain that to, at least to me. I'm sorry for the... Would you resolve the jurisdiction question for me? Tell us why she's wrong. An agency has jurisdiction over an agency. Jurisdiction in the agency context has three components. An agency has jurisdiction over someone in a situation where they have personal jurisdiction, where the type of dispute at issue is the type of dispute that falls within, broadly speaking, their borders, and where the subject matter of the... Precisely correct, so I don't... And it's within the agency's scope of authority under the statute. Those three requirements, those three broad requirements are met. Let me just say, Your Honor, this Court has made clear that when somebody comes in and says, well, if you take a look at the facts, you'll ultimately conclude that we win. That's not a challenge to an agency's jurisdiction. Let me make just two brief points, if I may, on the record. One, the notion about, you know, we have all this hubbub about whether we actually submit to the agency's jurisdiction by appearing to them. That actually happened. That happened. It was filed, a demand, an appearance in demand in front of the agency. As Your Honor will recall, after this lawsuit was filed, the notice of tax liability was issued. They appeared. They appeared. So this whole due process argument, first, I don't think there's a due process issue anyhow. Minimum context, you bought a car, you know, we can tax about the car, we can talk about the car, that transaction. But even if you didn't, Michael, they submitted to the jurisdiction of the courts by filing a complaint, clearly. They submitted to the jurisdiction of the agency, personal jurisdiction of the agency, by appearing and demanding a hearing. So this whole due process thing I think is a bit of a... Well, what about the argument that the Department wasn't asking just about the car? The Department said, let me see all your books and records. Yeah. Thank you, Your Honor, because that was the second point I wanted to bring up. As I said before, the initial document request came after Eris had said that we're not a resident of the State and we have no contact with the State. So there was interrogations there, the Department asked her questions about their books and records, their bylaws, et cetera. Then, after Eris complained and said, no, we're just talking about this particular car transaction. It's a hard thing to find because on the supplemental record, the circuit court didn't paginate it. It's actually 72, page 72 in the supplemental record. This is an attachment to the Department's notice of demands for books and records. It says, the rate of purchase of a 2013 Ford Flex truck in Libertyville, Illinois. And this is what I was alluding to earlier. Proof that the vehicle in question was shipped and are driven to Delaware. Provide a report on where it's been. Provide official copies of police reports, tickets, et cetera. I-pass, copies of your I-pass transponder. The request is tailored to the car. So we have this initial hubbub about where the taxpayer says we have no contacts. So the Department responds to that. And then it said, no, it's just one document, it's just one car. And so the Department then sends out a notice for demand of books and records. And I think we set forth this in a brief, the dates and the citations of that composite we have. Is it clear that you're asking for I-pass transponders for Delaware or for Illinois? If I may, I'll just read it. Identify any I-pass transponder account on which the vehicle was or is registered. And the second was a copy of I-pass transponder account usage report showing total usage for the vehicle. So I suppose, I guess what you're asking is if they came up with Florida or Iowa or Delaware tollway records showing that it was being used down in Florida, the agency would say, oh, I guess it's not being used here. Or are you looking for Illinois records to show that it is being used here? Well, I think this is actually looking for records. I'm not an expert on the scope of I-pass. I think I can use I-pass in Indiana. I'm not sure about that. But I think this is looking for an indication about whether or not it's being used here in Illinois. But if I were Arias and I contended that I'm a Florida domicile, and I submitted my Shell gas station credit card receipt showing I'm purchasing gas four times a month in Delray Beach, I would presume that that would be a pretty good indication that the car is used in Florida and not in Illinois. Yeah, if you can somehow link the gas station receipt to the car, then yes. I'm not sure I know immediately how you would do that. But yes, the thrust of the point is correct. Well, a competent lawyer would be able to connect that, right, to show that you think I owe a use tax, but I really don't owe a use tax, right? Yes. I mean, absolutely. At the end of the day, the interrogatories I'm talking about are you say the whole point of this, you told the dealer you wanted a drive-away permit, you told the dealer you were going to title this in Delaware, and you wanted a 35-day special drive-away permit. Tell us, did it get to Delaware? Where's it been? And then my explanation, broadly for these other categories, if you have pieces of paper that help us decide one way or another, I pass parking tickets, insurance, whatever, give us some. If there's nobody else, any questions? Thank you, Counselor. Thank you, Your Honor. Mr. Maggio, Ms. Davis, I'd like to compliment you on your arguments on the briefs. This matter is going to be taken under advisement, and this Court stands in recess.